UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD TOWNSEND,

      Plaintiff,

v.                                    Case No. 14-10411
                                    HON. TERRENCE G. BERG

KAREN RHODES, et al.

      Defendants.
_____/

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO PROCEED IN FORMA PAUPERIS (DKT. 6), VACATING ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (DKT. 4), DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. 12), AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DKT. 15)**

Plaintiff Richard Townsend, a prisoner in the custody of the Michigan Department of Corrections, is proceeding in forma pauperis on his claim, under 42 U.S.C. § 1983, that Defendants are failing to treat his type two diabetes. (Dkt. 1.) Plaintiff asserts that he requires daily insulin shots but is severely allergic to the type of insulin Defendants prescribed. (*Id.*) As a result, on approximately December 13, 2013, Plaintiff stopped taking his prescribed insulin and alleges that Defendants have not provided him with any alternative. (*Id.*)

                              I.        **PLANTIFF'S MOTIONS**

Before the Court are three motions filed by Plaintiff. Plaintiff has filed a Motion for an Extension of Time to Proceed In Forma Pauperis. (Dkt. 6.) This motion will be DENIED AS MOOT. Plaintiff has filed a Motion for Reconsideration

Pertaining to Order Waiving Payment of the Filing Fees (Dkt. 12); this motion will be DENIED and the Court's order Granting Application to Proceed without Prepaying Fees or Costs (Dkt. 4) will be VACATED. Finally, Plaintiff's Motion for Appointment of Counsel will be DENIED WITHOUT PREJUDICE.

### A. Motion for an Extension of Time to Proceed In Forma Pauperis.

On January 27, 2014, Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that Defendants were not treating his Type 2 Diabetes. (Dkt. 1.) Plaintiff also filed an application to proceed in forma pauperis with his complaint (Dkt. 2). The Court granted Plaintiff's application on May 16, 2014, and determined that Plaintiff could proceed without having to prepay fees or costs. (Dkt. 7.)

On April 7, 2014, Plaintiff filed a motion he captioned as a "Motion for an Extension of Time to Proceed In Forma Pauperis." (Dkt 6.) In this motion, Plaintiff alleges that "he is unable to proceed in forma pauperis at this time" because "legal material pertaining to [his] case was confiscated and placed in E-unit contraband locker." (*Id.* at 1.) Plaintiff asserts that as a result, "he is being denied access to the court" and that his request for "a legal written [sic] to help Plaintiff with filing necessary motions" has gone unanswered. (*Id.* at 1-2.)

In this motion, it is not clear what relief Plaintiff is asking the Court to grant. If Plaintiff is asking the Court to grant him additional time to complete his application to proceed in forma pauperis, such a request is moot because Plaintiff's application has been granted. (Dkt. 7.) It is possible, however, that Plaintiff is simply informing the Court that he is unable to proceed with his case at this time,

because materials related to his case were confiscated (Dkt. 6, p. 1 at ¶¶ 1-3) and because "he has lost over 50% of his eyesight" (Dkt. 6, p.1 at ¶ 4), and he is seeking some kind of stay to avoid the Court revoking his in forma pauperis status.

Although pending motions remain to be resolved in this case (Dkts. 13-14 and 28), Plaintiff's in forma pauperis status has been granted and is not at risk at this time. Moreover, whatever issues prompted Plaintiff's motion for an extension of time seem to have been resolved because since filing that request Plaintiff has filed five additional motions (Dkts. 12-15 and 30), and has also communicated with the Court through written letters (Dkts. 10-11.)

Moreover, Plaintiff has noted in a subsequent motion that although his legal materials had been confiscated because Plaintiff had "excessive legal property," he nevertheless would be obtaining a legal footlocker to store his materials. (Dkt. 12, p. 2.) Thus, regardless of how the Court interprets the grounds behind Plaintiff's motion for an extension of time, it must be denied as moot because in forma pauperis status has been granted and as a matter of practical reality, Plaintiff has had no recent difficulty in communicating with the Court.

### B. Motion for Reconsideration Pertaining to Order Waiving Payment of the Filing Fees.

On June 26, 2014, Plaintiff filed a Motion for Reconsideration Pertaining to Order Waiving Payment of the Filing Fees. (Dkt. 12.) In this motion, Plaintiff maintains that although his application to proceed in forma pauperis was approved on January 30, 2014 (Dkt. 4), Executive Magistrate Judge R. Steven Whalen subsequently issued an order on May 16, 2014 (Dkt. 7) approving Plaintiff's

application again but directing Plaintiff to pay an initial partial filing fee of $7.01 and eventually the entire filling fee. (*Id.* at 1.) Moreover, Plaintiff argues that Judge Whalen "is not the assigned judge appointed by Judge Berg" and therefore Judge Whalen's order cannot supersede the January 30, 2014 order granting Plaintiff in forma pauperis status.[1] (*Id.* at 2.) Finally, Plaintiff states that he has two restitution obligations that, along with the replacement cost of items Plaintiff claims were stolen from him, pose a heavy financial burden. (*Id.* at 2-3.)

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who brings a civil action "shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff has been granted in forma pauperis status. (Dkt. 7.) In forma pauperis status, however, does not mean that all court fees and costs are automatically waived. Instead, a prisoner proceeding in forma pauperis is excused only from *prepaying* the filing fees; the prisoner must still pay the filing fee over time. *See generally* 28 U.S.C. § 1915. When funds exist, the Court is required by law to assess and collect an initial partial filling fee payment and subsequent monthly payments until the filing fees are paid. 28 U.S.C. § 1915(b)(1) and (b)(2).

Judge Whalen's May 16, 2014 order granting Plaintiff in forma pauperis status and assessing Plaintiff's initial partial filling fee payment meets this Court's obligation under the PLRA. The law requires that the Court assess and collect an initial partial filing fee payment of 20% of either Plaintiff's average monthly deposits to his trust fund account or the average monthly balance in Plaintiff's

---

[1] Judge Whalen, as a Magistrate Judge, has the authority to issue "any preliminary orders and conduct any necessary evidentiary or other appropriate hearings in prisoner cases" filed under 42 U.S.C. § 1983. L.R. 72.1(b)(2).

4

account for the preceding six months, whichever yields the larger amount. 28 U.S.C. § 1915(b)(1).

In his application to proceed in forma pauperis, Plaintiff included a certificate of his trust fund account activity from July 21, 2013 through January 21, 2014. (Dkt. 2, pp. 3-6.) According to Plaintiff's account activity, an average of $35.05 is deposited every month while Plaintiff's average monthly account balance over the previous six months was $3.31. (*Id.* at 3.) Because Plaintiff's average monthly account deposit of $35.05 is the larger of the two amounts, this amount was used to calculate Plaintiff's initial partial filing fee payment of $7.01. (*See* dkt. 7.) As required by the PLRA, Plaintiff must make monthly payments of 20% of his income from the previous month until the entire filing fee of $350 is paid in full. 28 U.S.C. § 1915(b)(2).

Because Judge Whalen's May 16, 2014 order (Dkt. 7) is in compliance with the Court's obligations under the PLRA, Plaintiff's motion for reconsideration of that order will be denied. Moreover, the Court's January 30, 2014 order granting Plaintiff's application to proceed without prepaying fees or costs (Dkt. 4) will be vacated as duplicative. Plaintiff's in forma pauperis status remains valid pursuant to Judge Whalen's order (Dkt. 7), and Plaintiff will have to pay the fees and costs associated with this lawsuit in installments as mandated by the PLRA.

### C. Motion for Appointment of Counsel.

Finally, Plaintiff has filed a Motion for Appointment of Counsel. (Dkt. 15.) In support of his motion, Plaintiff states that: (1) he is not able to afford counsel; (2)

5

the issues in his case are complex; (3) he has limited access to a law library; (4) he has limited legal knowledge; (5) he has limited ability to interview witnesses and experts; and (6) the ends of justice would be served because legal representation would help prevent retaliation by government employees. (Dkt. 15, p. 1.)

The Court will deny without prejudice Plaintiff's motion because the legal and factual difficulty of this case does not appear to exceed Plaintiff's ability to prosecute it at this time. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir.1993). The factual issues raised by Plaintiff in his seven-page typewritten complaint are clear and straightforward. (*See* Dkt. 1.) Although Plaintiff may have some health challenges, he has shown in his complaint and subsequent motions that he understands the legal issues and is capable of presenting them to the Court in a satisfactory manner.

## II.     CONCLUSION

Accordingly, Plaintiff's Motion for an Extension to Proceed In Forma Pauperis (Dkt. 6) is **DENIED AS MOOT**.

Plaintiff's Motion for Reconsideration Pertaining to Order Waiving Payment of the Filing Fees is **DENIED** and the Court's January 30, 2014 Order Granting Application to Proceed without Prepaying Fees or Costs (Dkt. 4) is **VACATED**.

Finally, Plaintiff's Motion for Appointment of Counsel (Dkt. 15) is **DENIED**

**WITHOUT PREJUDICE**. The Court will bear in mind Plaintiff's request if, following a more thorough review of the record, the Court determines that appointment of counsel is necessary.  Plaintiff need not file an additional motion concerning this issue.

       **SO ORDERED.**

                                      s/Terrence G. Berg
                                      TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE

Dated:  January 23, 2015

## Certificate of Service

     I hereby certify that this Order was electronically submitted on January 23, 2015, using the CM/ECF system, which will send notification to each party.

                                      s/A. Chubb
                                      Case Manager