UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD TOWNSEND,

        Plaintiff,

v.

        Case No. 14-10411
        District Judge Terrence G. Berg
        Magistrate Judge Anthony P. Patti

KAREN RHODES, *et al.*,

        Defendants.

_____/

## ORDER GRANTING IN PART PLAINTIFF'S FIRST MOTION TO COMPEL (DE 13) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION TO COMPEL (DE 14)

### I. BACKGROUND

Plaintiff Richard Townsend, a state prisoner who is proceeding without the assistance of counsel, filed his Complaint and Application to Proceed *In Forma Pauperis* on January 27, 2014. (DE 1, 2.) Plaintiff brings deliberate indifference claims under the Eighth Amendment of the United States Constitution against Defendants Karen Rhodes, Vicki Carlson, Linda Haase, and Marsha O'Connell.[1] He also names four "John Doe" Defendants, asserting that he does not have access

---

[1] Defendants Carlson, Haase, and O'Connell filed a Motion for Summary Judgment on October 27, 2014, in which they indicate that their names were misspelled in the Complaint. (Mot. for Summ. J. 1, DE 28.) They provide the correct the spelling of their names, which the Court will use throughout this Order.

to the names of the individuals who administered his medical care at the Allegiance Hospital in Jackson, Michigan. (Compl. ¶¶ 17-20.) The Court granted his application and the named Defendants timely answered on October 21, 2014.

On May 16, 2014, the Court issued an Order directing Plaintiff to provide the information needed to effect service over the John Doe Defendants. (DE 8.) The Court gave Plaintiff sixty days to provide the names, identities, and addresses of the unknown Defendants. Plaintiff was therefore required to provide this information on or before July 15, 2014. He timely filed the instant Motions to Compel (DE 13 and 14) on July 2, 2014 and July 3, 2014, respectively. To date, Plaintiff has not provided the required information to the Court, through no apparent fault of his own, as explained below.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 37, a party may file a motion to compel production of requested documents. The Rule provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Additionally, any motion to compel filed under Rule 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosures or discovery. . . ." Fed. R. Civ. P. 37(a).

2

## III. DISCUSSION

### A. Plaintiff's Motion to Compel the Names of John Doe Defendants (DE 13)

Plaintiff filed his first Motion to Compel on July 2, 2014. (DE 13.) In the Motion, he seeks to discover the names of the doctors and nurses who treated him at Allegiance Hospital on December 24, 2013 and January 6, 2014. He also seeks to "obtain records of the treatment provided, recommended follow-up treatment, and handwritten notes" from his visits to Allegiance. (Mot. at ¶ 5, DE 13.) Plaintiff indicates that he has requested the information "numerous times" from the Lakeland Correctional Facility Health Care office and has made a written request for his Allegiance Hospital Records in Jackson, Michigan, but has not received any information to date. (Id. at ¶¶ 6-7.) In support of his Motion, Plaintiff attaches a response to his kite for medical records from Jackson Health Care dated March 10, 2014. The response is as follows:

> In Response to your kite for Medical Records, we ask that you please be patient for copies of Medical Records. The Health Information position is currently vacant and we have coverage only one day a week to answer the requests and copy records. I will answer your requests as soon as possible.

(DE 13 at 4.)

The Court will grant Plaintiff's Motion to the extent he seeks to identify the John Doe Defendants. Plaintiff has made a good-faith effort to comply with the Court's May 16, 2014 Order. He filed the instant Motion seeking the required

3

information prior to the deadline imposed by the Court. Moreover, he provided a response to his request for information dated March 10, 2014, which shows that Plaintiff was seeking contact information for the John Doe defendants even before the Court issued its Order. Finally, Plaintiff is incarcerated and proceeding without the assistance of counsel, which can make such identification difficult. The Court will therefore extend the service deadline and **GRANT IN PART** Plaintiff's first Motion to Compel (DE 13), to the extent he seeks to identify the John Doe Defendants and limited by the following:

1. Counsel for Defendants Carlson, Haase, and O'Connell, who also represents MDOC, must determine through the Lakeland Correctional Facility Health Care office or other appropriate source the names of the four individuals who provided Plaintiff's medical care at the Allegiance Hospital on December 24, 2013 and on January 6, 2014.

2. When the John Doe Defendants are identified, Plaintiff shall provide, at his cost, sufficient copies of the Complaint to the U.S. Marshals Service.

3. The U.S. Marshals Service is then directed to effect service upon these Defendants. Upon identification of the John Doe Defendants, the Clerk of the Court will issue a new Summons giving the Marshals 45 days to effect service on the John Doe Defendants.

To the extent Plaintiff seeks discovery outside of the names and addresses of the John Doe Defendants, namely, records of the treatment provided, recommended follow-up, and handwritten notes, his request is **DENIED WITHOUT PREJUDICE** as premature. Plaintiff seeks this information from the John Doe Defendants at Allegiance Hospital ("Allegiance"), who have not yet

been identified.[2]  When those individuals are identified, served, and have appeared, the Court will issue a scheduling order to address discovery deadlines and issues. At that point, Plaintiff may serve his requests on the named Defendants according to Rule 34(a).  If Defendants fail to respond at that point, he may then file a motion to compel pursuant to Rule 37.  Any such motion must have a certification that Plaintiff has in good faith conferred or attempted to confer with the person or party failing to produce the discovery.  Fed. R. Civ. P. 37(a)(1).

### B.   Plaintiff's Motion to Compel Discovery (DE 14)

Plaintiff's Second Motion to Compel is premature.  Plaintiff cannot successfully move for an order compelling documents when he did not first seek this information through Rule 34.  *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).  There is no indication here that Plaintiff has sought the requested discovery from Defendants. Nor has he included a certification that he has conferred or attempted to confer with the person or party failing to provide the responses pursuant to Rule 37.  As best as the Court can discern, Plaintiff simply filed his discovery requests and asks the Court to order Defendants to respond.  The materials Plaintiff seeks may be discoverable, but Plaintiff has failed to properly serve the requests pursuant to

---

[2] The Court notes that Allegiance is not named as a Defendant and that Plaintiff's request for Allegiance records have been channeled through the MDOC.  Nothing seemingly prevents him from seeking those records directly from Allegiance, whether by subpoena under Rule 45 or by a simple, HIPAA compliant record release and request.

Federal Rule of Civil Procedure 34(a).  Furthermore, the filing of such discovery material is improper pursuant to Local Rule 26.2.  E.D. Mich. LR 26.2 ("A party or other person *may not* file discovery material" except in limited circumstances) (emphasis added).  Accordingly, Plaintiff's Second Motion is **DENIED WITHOUT PREJUDICE** as premature.

    IT IS SO ORDERED.


Dated: February 13, 2015        s/Anthony P. Patti
                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on February 13, 2015, electronically and/or by U.S. Mail.


                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti
                                        (313) 234-5200