UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD TOWNSEND,

                Plaintiff,

                                    Case No.  4:14-CV-10411

v.                               Judge Terrence G. Berg

                               Magistrate Judge Anthony P. Patti

KAREN RHODES,
VICKI CARLSON,
LINDA HAASE,
MARCIA O'CONNELL and
JOHN DOES 1-4,

                Defendants.

_____/

## ORDER REQUIRING COUNSEL FOR THE MDOC DEFENDANTS TO PROVIDE FURTHER INFORMATION REGARDING THE JOHN DOE DEFENDANTS

**A.**    **Each of the four (4) named defendants has appeared.**

Richard Townsend (#181420) is currently incarcerated at the Michigan

Department of Corrections (MDOC) Lakeland Correctional Facility (LCF) in

Coldwater, Michigan.  DE 9; *see also* www.michigan.gov/corrections, "Offender

Search."  On January 27, 2014, while incarcerated at the G. Robert Cotton

Correctional Facility (JCF) in Jackson, Michigan, Plaintiff filed the instant lawsuit

against Karen Rhodes, described as a doctor at JCF (¶ 25); Vickie (Vicki) Carlson,

Linda Haas (Haase) and Marsha O'Conner (Marcia O'Connell), described as registered nurses at JCF (¶ 28); and John Does #1-#4, described as doctors and registered nurses at Allegiance Hospital in Jackson, Michigan (¶¶ 26-27).[1]

Defendant Karen Rhodes, D.O., has appeared (DE 23, DE 24) and has filed an answer, affirmative defenses and jury demand (DE 25), as well as a statement of disclosure of corporate affiliations and financial interest (DE 26). MDOC Defendants Carlson, Haase and O'Connell have also appeared (DE 27) and have filed a motion for summary judgment (DE 28).

**B.     The four (4) John Doe defendants have yet to be identified.**

Plaintiff's complaint further describes John Doe #1 and John Doe #2 as individuals who prescribed and administered Humulin insulin to Plaintiff on December 24, 2013 at Allegiance Hospital in Jackson, Michigan. DE 1 at 4 ¶ 17. Plaintiff's complaint also describes John Doe #3 and John Doe #4 as individuals who prescribed and administered Humulin insulin to Plaintiff on January 6, 2014 at Allegiance Hospital. DE 1 at 4 ¶ 19.

By its February 13, 2015 order, this Court extended the service deadline and granted in part Plaintiff's first motion to compel (DE 13) to the extent Plaintiff

---

[1]This case was originally assigned to Judge Berg and Magistrate Judge Komives. DE 1. Judge Berg referred the case to Magistrate Judge Komives for pretrial matters. DE 5. On January 13, 2015, the case was reassigned from Magistrate Judge Komives to me.

sought to identify the John Doe Defendants.  DE 34 at 4.  The order specifically

provided:

> Counsel for Defendants Carlson, Haase, and O'Connell, who also
> represents MDOC, must determine through the Lakeland Correctional
> Facility Health Care office or other appropriate source the names of
> the four individuals who provided Plaintiff's medical care at the
> Allegiance Hospital on December 24, 2013 and on January 6, 2014.

DE 34 at 4 ¶ 1.

The Court is now in receipt of Assistant Attorney General Kevin R.

Himebaugh's letter dated February 26, 2015.  DE 35.  Therein, defense counsel

(heienafter "counsel for the MDOC defendants") lists Jordon Gebhardt, Emily

Shafer, Brandi Cox, Stacy Sparks, Lisa Bence and Russell Bret as the names

appearing in the record for Plaintiff's *December 23, 2013* visit to Allegiance

Hospital.  The letter also lists Michael Nizinski, Letarte Shawn, Leigh Stoel,

Jessica Tracy and Joshua Jansler as the names appearing in the record for

Plaintiff's January 6, 2014 visit.  DE 35 at 1.  The letter further states:  "More than

four names appeared in the record.  Because I am in no position to guess which of

the four names match the John Doe 1 through 4 referred to in your complaint, I

have supplied all the names associated with your treatment at Allegiance Hospital

on December 23, 2013 and January 6, 2014."  DE 35 at 2.

Although counsel for the MDOC defendants' submission of these eleven

(11) names complies, to the letter, with the above-quoted portion of this Court's

February 13, 2015 order (DE 34 at 4 ¶ 1), Plaintiff is still left without enough information to identify the individuals who prescribed and administered the Humulin insulin to him on his December 2013 and January 2014 visits to Allegiance Hospital.  *See* DE 1 ¶¶ 17, 19.

## C.    Order

Accordingly, no later than March 16, 2015, counsel for the MDOC defendants SHALL supply Plaintiff with enough additional information to enable him to identify the four (4) John Doe Defendants, including but not limited to the eleven (11) previously identified individuals' genders, their professional designations (such as M.D., D.O., P.A. or R.N.), their titles, their departments, what services they appear to have provided to Plaintiff, whether they appear to have prescribed or administered insulin to Plaintiff and where their names appear in the medical records, to the extent it is possible to do so.

In lieu of supplying this information, counsel for the MDOC defendants may provide Plaintiff with a complete copy of all medical records in his or his clients' possession or to which he or his clients have access which refer, relate, evidence and/or pertain to Plaintiff's December 2013 and January 2014 visits to Allegiance Hospital.  Such production would be at the MDOC's expense.

Any correspondence by which counsel for the MDOC defendants transmits information or records to Plaintiff in compliance with this Order shall be copied to

4

the Undersigned and delivered to the Court by filing it through the CM/ECF

system; however, copies of actual medical records, if transmitted in compliance

with this Order, should not be filed with the Court.

IT IS SO ORDERED.


Dated: March 9, 2015          s/Anthony P. Patti
                              Anthony P. Patti
                              UNITED STATES MAGISTRATE JUDGE



I certify that a copy of this document was sent to parties of record on Monday, March 9, 2015, electronically and/or by U.S. Mail.

                              s/Michael L. Williams
                              Case Manager to the
                              Honorable Anthony P. Patti

5