UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD TOWNSEND,

      Plaintiff,

v.

Case No. 4:14-CV-10411
Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

KAREN RHODES,
VICKI CARLSON,
LINDA HAASE,
MARCIA O'CONNELL and
JOHN DOES 1-4,

      Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S APRIL 13, 2015 MOTION FOR SUBPOENA (DE 46)

### A.   Background

Richard Townsend (#181420) is currently incarcerated at the Michigan Department of Corrections (MDOC) Lakeland Correctional Facility (LCF) in Coldwater, Michigan. DE 9; *see also* www.michigan.gov/corrections, "Offender Search." On January 27, 2014, while incarcerated at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan, Plaintiff filed the instant lawsuit

against Defendants Rhodes, Carlson, Haase and O'Connell and John Does #1-#4. DE 1 ¶¶ 25-28.[1]

The named defendants have appeared. DEs 23, 24 & 27. Plaintiff identified the John Doe defendants on April 9, 2015: (1) Brett Ruessell, M.D.; (2) Heather Taylor, R.N.; (3) Shawn Letarte, M.D.; and (4) Leigh Stroll, R.N. DE 43. However, these four (4) previously unnamed defendants were voluntarily dismissed without prejudice on April 13, 2015. DE 45.

**B.     Pending Dispositive Motion**

MDOC Defendants Carlson, Haase and O'Connell filed a motion for summary judgment (DE 28) on October 27, 2014. On February 6, 2015, Plaintiff filed a response (DE 33).

Relatedly, on April 9, 2015, Plaintiff filed a motion (DE 42) to correct a clerical error in his complaint (DE 1), which the Court intends to address along with the dispositive motion.

**C.     Discussion of the Instant Motion**

Currently before the Court is Plaintiff's April 13, 2015 motion (DE 46) for subpoena, whereby Plaintiff seeks "to examine[ and] inspect his complete medical records in the possession of the Defendant and the Department of Corrections."

---

[1] This case was originally assigned to Judge Berg and Magistrate Judge Komives. DE 1. Judge Berg referred the case to Magistrate Judge Komives for pretrial matters. DE 5. On January 13, 2015, the case was reassigned from Magistrate Judge Komives to me.

DE 46 at 2. According to Plaintiff, he is indigent and "cannot afford to obtain a complete copy of his medical, dental and optometry records to substantiate his claims." DE 46 at 1 ¶ 2. It also appears that Plaintiff seeks production of certain MDOC policies and procedures. DE 46 at 1-2 ¶¶ 4, 5.

Plaintiff's April 13, 2015 motion (DE 46) is granted. As an initial matter, it was proper for Plaintiff to cite Fed. R. Civ. P. 45, because Plaintiff seeks information from non-party MDOC. While Carlson, Haase and O'Connell are MDOC defendants, as opposed to contract employees, the MDOC itself is not a party to this case.

A party may seek information *from a non-party* by way of subpoena (Fed. R. Civ. P. 45). However, "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." Fed. R. Civ. P. 45(a)(3). Thus, "a pro se litigant is not authorized to issue his own subpoena." *White v. Johnson*, No. 12–cv–623–JPG, 2012 WL 2884829, 4 (S.D. Ill. July 13, 2012); *see also Pearson v. Trinity Yachts, Inc.*, No. 10-2813, 2011 WL 1884730, 1 (E.D. La. May 18, 2011) ("Although an attorney, as an officer of the court, may sign a subpoena without obtaining the Clerk's signature, Fed.R.Civ.P. 45(a)(3) does not permit a pro se plaintiff to do so."); *Fletcher v. Brown County*, No. 05-5024, 2007 WL 2248097, 2 (D. Neb. Aug.

3

2, 2007) ("While an attorney as an officer of the court may also issue and sign a subpoena, *see* Fed.R.Civ.P. 45(a)(3), Fletcher, as a pro se party, is not authorized to do so.").

The Court interprets Plaintiff's April 13, 2015 motion (DE 46) as a request that the Clerk of the Court issue a subpoena. "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." Fed. R. Civ. P. 45(a)(3). Accordingly, the undersigned will require the Clerk of this Court to issue and sign a Form AO 88B ("Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action") and to send it to Plaintiff. It will then be Plaintiff's responsibility to complete the form (*see* Fed. R. Civ. P. 45(a)(3)) and ensure that it is properly served (*see* Fed. R. Civ. P. 45(b)).[2]

---

[2] Plaintiff is reminded that, in pursuing this case, he must comply with the appropriate court rules, including the Federal Rules of Civil Procedure and the Local Rules of the E.D. Michigan. During the discovery phase, Fed. Rules Civ. P. 26-37 are particularly relevant, as are the E.D. Mich. LRs regarding motion practice (E.D. Mich. LR 7.1) and discovery (E.D. Mich. LRs 26.1 – 37.2). For example, aside from certain information the parties are required to disclose (*see* Fed. R. Civ. P. 26(a)), there is a rule governing depositions by oral examination (Fed. R. Civ. P. 30). Also, there are rules which govern the exchange of information *between parties* by way of interrogatories (Fed. R. Civ. P. 33), requests for the production of documents (Fed. R. Civ. P. 34) or requests for admission (Fed. R. Civ. P. 36).

Also, the E.D. Mich. LRs discuss seeking concurrence with respect to a motion. *See* E.D. Mich. LR 7.1(a) ("Seeking Concurrence in Motions and Requests.") or E.D. Mich. LR 37.1 ("Motion to Compel Discovery"). *See also* E.D. Mich. LR 37.2 ("Form of Discovery Motions"). If Plaintiff carefully follows the discovery procedures spelled out in Fed. R. Civ. P. 26-37 and E.D. Mich. LRs

**D.    Order**

Upon consideration, Plaintiff's April 13, 2015 motion for subpoena (DE 46) is GRANTED. The Clerk of the Court SHALL issue and sign a Form AO 88B ("Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action") and send it to Plaintiff. Plaintiff will be required to complete the form and ensure that it is properly served upon the intended recipient.

IT IS SO ORDERED.


Dated: April 20, 2015                s/Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE

---

26.1 – 37.2, and seeks concurrence when required, it may well prove unnecessary to involve the Court in further discovery matters.