UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD TOWNSEND,

        Plaintiff,

v.

        Case No. 4:14-CV-10411
        Judge Terrence G. Berg
        Magistrate Judge Anthony P. Patti

KAREN RHODES,
VICKI CARLSON,
LINDA HAASE and
MARCIA O'CONNELL,

        Defendants.

_____/

## ORDER DENYING IN PART MDOC DEFENDANTS' MOTION TO STAY DISCOVERY (DE 48)

This matter is before the Court on MDOC Defendants' motion to stay discovery (DE 48), in which they argue that they should not be required to provide discovery "until the threshold question of immunity is resolved by the court" in their pending motion for summary judgment (*see* DE 28 at 4). Plaintiff has filed a response in opposition to the motion to stay, along with a supporting affidavit (DE 50).

While the Court recognizes that a stay should normally be granted while a dispositive motion which would resolve the issue of qualified immunity is pending, a brief review of Defendants' pending motion for summary judgment reveals that, notwithstanding Defendants' characterization, the motion does not actually hinge on qualified immunity.  Instead, the motion hinges on the question of "Whodunnit?"  In fact, Defendants' summary judgment motion is based entirely on affidavits, which in essence state that Plaintiff has sued the wrong people, because none of these three nurses allegedly had anything to do with the medical treatment at issue in this case (DE 28 at 6).  Thus, unlike a dispositive motion which truly hinges on qualified immunity, the summary judgment motion here is not about the *reasonableness* of Defendants' actions, because the defendants are actually claiming there *were no actions*, *i.e.*, that they did *nothing at all* and had *no contact* with this prisoner.  In contrast with other qualified immunity motions, which hinge on legal issues, Defendants' summary judgment motion is at best hinged on only a mixed question of fact and law, and more accurately appears to be based entirely upon an issue of fact, which Defendants' characterize as undisputed.

While this Court acknowledges that the Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982) held that discovery should normally not be allowed while the issue of qualified immunity is being resolved, it has also stated:

> Discovery involving public officials is indeed one of the evils that *Harlow* aimed to address, but neither that opinion nor subsequent decisions create an immunity from all discovery. *Harlow* sought to protect officials from the costs of "broad-reaching" discovery, and we have since recognized that limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity.

*Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (internal citations omitted) (citing *Anderson v. Creighton*, 483 U.S. 635, 646, n. 6 (1987), *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *see also Crawford-El*, 523 U.S. at 597-601.

Here, Plaintiff indicates a need to continue limited discovery with respect to his medical records and the very log books upon which Defendants rely in support of their argument that they had no involvement in the treatment of this particular prisoner. The ongoing discovery which he proposes is limited and reasonable, and if he were to uncover anything helpful through such ongoing discovery prior to this Court's ruling on the pending summary judgment motion, he would be welcome to bring it to the Court's attention through a supplemental submission. "A lawsuit is supposed to be a search for the truth." *Metro. Opera Ass'n v. Local 100, Hotel Emples. & Rest. Emples. Int'l Union*, 212 F.R.D. 178 (S.D. N.Y. 2003). It is not about "hiding the ball." While the Court is not inclined to delay its consideration of the pending summary judgment motion to permit a "fishing expedition" by the plaintiff in a fruitless effort to dispute the indisputable, it is also not inclined to

deprive him of the opportunity to further develop the record, if possible, on the issue of whether the three nurses in question (Carlson, Haase and O'Connell) were actually involved in the treatment he alleges to have occurred in paragraph 22 of his complaint.

Accordingly, this motion is **DENIED**, and discovery is left open for the limited purposes described herein.

**IT IS SO ORDERED.**

Date: May 29, 2015

s/Anthony P. Patti
ANTHONY P. PATTI
United States Magistrate Judge

I certify that a copy of this document was sent to parties of record on Friday, June 3, 2015, electronically and/or by U.S. Mail.

s/Michael L. Williams
Case Manager to the
Honorable Anthony P. Patti