UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD TOWNSEND,

       Plaintiff,

v.

       Case No.  4:14-CV-10411
       Judge Terrence G. Berg
       Magistrate Judge Anthony P. Patti

KAREN RHODES,
VICKI CARLSON,
LINDA HAASE and
MARCIA O'CONNELL,

       Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S AUGUST 13, 2015 MOTION FOR APPOINTMENT OF COUNSEL (DE 74)

Pending in this case are several motions, among which is Plaintiff's August 13, 2015 motion for appointment of counsel.  (DE 74.)  Plaintiff brings his motion pursuant to 28 U.S.C. § 1915 ("Proceedings in forma pauperis"), which provides, in pertinent part:  "The court *may request* an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).

By way of background, the Court's January 23, 2015 order denying without prejudice Plaintiff's July 3, 2014 motion for appointment of counsel stated: "Although Plaintiff may have some health challenges, he has shown in his

complaint and subsequent motions that he understands the legal issues and is capable of presenting them to the Court in a satisfactory manner." (DE 32 at 6, DE 15.)

Upon consideration, Plaintiff's August 13, 2015 motion (DE 74) is also DENIED WITHOUT PREJUDICE. To be sure, Plaintiff's August 7, 2015 filing alleges:

> Due to the MDOC Medical Staffs denying Plaintiff insulin, he is in poor health condition, physically, mentally and emotionally, including losing eye vision. Plaintiff is unable [to] proceed with this complaint. Plaintiff asks this Honorable Court to appoint him an attorney in this matter.

DE 70 at 10 ¶ 7. Also, Plaintiff's August 6, 2015 affidavit, filed on August 11, 2015 and intended as an attachment to his reply filed on August 7, 2015, attests that "prison officials ha[ve] placed [his] life in imminent danger by denying [him] life sustaining insulin." (DE 72 at 1 ¶ 1.) Plaintiff further attests:

> I believe the medical staffs at [LCF] are waiting for serious damage to occur with m[y] body organs before they provide me with medical treatment or die. I need immediate[] intervention in this matter, in order for my life to be save[d].

(DE 72 at 7 ¶ 11.) In addition, Plaintiff's August 13, 2015 motion for extension mentions poor health and loss of eyesight. *See*, *i.e.*, DE 75 at 3 ¶ 2.

However, although Plaintiff's instant motion cites his poor health and alleges denial of insulin because he "refuses to expose himself as a diabetic to other inmates . . ." (DE 74 at 1-2 ¶ 6), claims his condition "prevents him f[ro]m

2

access[ing] the court [and] library [to] prepare his legal brief[,]" (DE 74 at 2 ¶ 7), and alleges retaliation through denial of medical care (DE 74 at 2 ¶ 8), Plaintiff has filed five (5) other matters in August 2015, each of which is understood by this Court and regarding which orders or reports will issue. *See* DEs 70 (Reply), 72 (Affidavit), 73 (Motion to Compel), 75 (Motion for Extension) & 77 (Response). Moreover, Defendants' dispositive motion practice is ongoing.[1] Nonetheless, Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.[2]

    IT IS SO ORDERED.

Dated: August 31, 2015        s/Anthony P. Patti
                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] My June 9, 2015 report and recommendation (DE 53) regarding the MDOC Defendants' October 27, 2014 motion for summary judgment (DE 28) is pending before the Court, and briefing regarding Defendant Rhodes's motion for summary judgment (DE 59) is ongoing.

[2] Even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

I hereby certify that a copy of the foregoing document was sent to parties of record on August 31, 2015, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the Honorable
Anthony P. Patti
