UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD TOWNSEND,

               Plaintiff,

                               Case No.  4:14-CV-10411

v.                               Judge Terrence G. Berg

                               Magistrate Judge Anthony P. Patti


KAREN RHODES,
VICKI CARLSON,
LINDA HAASE and
MARCIA O'CONNELL,

               Defendants.

_____/

## ORDER CONSTRUING PLAINTIFF'S SUPPLEMENTAL COMPLAINT AS A MOTION TO SUPPLEMENT AND DENYING SUCH MOTION (DE 65) and DENYING AS MOOT PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (DE 66)

## I.    Introduction and Background

      Richard Townsend (#181420) is currently incarcerated at the Michigan

Department of Corrections (MDOC) Lakeland Correctional Facility (LCF).  On

January 27, 2014, while incarcerated at the MDOC G. Robert Cotton Correctional

Facility (JCF), Plaintiff filed the instant lawsuit against named Defendants Rhodes,

Carlson, Haase and O'Connell, each described as located at JCF, as well as John

Does 1-4.  DE 1 ¶¶ 25-28; *see also* DE 27.  The John Doe Defendants have been

dismissed without prejudice, and my report recommending that the Court grant the

MDOC Defendants' Motion for Summary Judgment is pending before the Court.

*See* DEs 28, 45, 53 & 55.  Briefing on Defendant Rhodes's July 28, 2015 motion

for summary judgment (DE 59) is ongoing.

## II.    Motion to Proceed *In Forma Pauperis*

Plaintiff filed several matters on July 28, 2015, among which are his

"supplement complaint" and his motion to proceed *in forma pauperis*.  (DEs 65,

66.)  Upon consideration, Plaintiff's motion to proceed *in forma pauperis* (DE 66)

is DENIED AS MOOT.  When this case began in January 2014, Plaintiff was

granted *in forma pauperis* status.  *See* DE 2, DE 4, DE 7, DE 16.  This remains true

notwithstanding Judge Berg's January 23, 2015 order (DE 32), which, in part,

vacated the January 30, 2014 order on application to proceed *in forma pauperis*

and/or request for service of process as duplicative of the Court's May 16, 2014

order waiving prepayment of the filing fee and directing payment of the initial

partial filing fee and subsequent payments.  DE 32 at 5; *see also*, DE 2, 4 and 7.[1]

To the extent Plaintiff seeks a waiver of fees and costs (*see* DE 66 at 1-2), it is

denied.  "Notwithstanding subsection (a), if a prisoner brings a civil action or files

---

[1] Judge Berg noted both that "Plaintiff's in forma pauperis status has been granted
and is not at risk at this time[,]" and that "Plaintiff's in forma pauperis status
remains valid pursuant to Judge Whalen's order ([DE] 7) . . . ."  DE 32 at 3, 5.

an appeal in forma pauperis, the prisoner shall be required to pay the full amount

of a filing fee."  28 U.S.C. § 1915(b)(1).

## III.   Motion to Supplement

In addition, Plaintiff's supplemental complaint (DE 65) is construed as a

motion to supplement.  By way of background, Fed. R. Civ. P. 15 governs

amended and supplemental pleadings.  "Amended and supplemental pleadings

differ in two respects.  The former relate to matters that occurred prior to the filing

of the original pleading and entirely replace the earlier pleading; the latter deal

with events subsequent to the pleading to be altered and represent additions to or

continuations of the earlier pleadings."  6A Fed. Prac. & Proc. Civ. § 1504 (3d ed.)

(footnotes omitted).  As to supplemental pleadings, Fed. R. Civ. P. 15 provides:

"On motion and reasonable notice, the court may, on just terms, permit a party to

serve a supplemental pleading setting out any transaction, occurrence, or event that

happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).

Plaintiff's "supplement complaint" seemingly attempts to add eleven (11)

defendants – two (2) of JCF (Richard Cady and J. King) and nine (9) of LCF –

based upon events allegedly having taken place after the January 27, 2014 filing of

the instant lawsuit.  *See* DE 65 ¶¶ 15-25.[2]  According to Plaintiff, "Prison Officials

_____

[2] For example, he describes events which allegedly occurred at JCF on February
28, 2014 and April 30, 2014.  DE 65 ¶¶ 11-12.  He also describes events which
allegedly occurred at LCF during May 2014 (DE 65 ¶ 10), June 2014 (DE 65 ¶¶ 5-

3

ha[ve] continued to violate Plaintiff's Eighth Amendment right, thus placing his life in imminent danger, thus retaliat[ing] against him for filing [the] current and above claim." DE 65 at 1 ¶ 3.

Defendant Rhodes, construing the filing as a motion for leave to file a supplemental complaint, argues that it "raises entirely new claims concerning new events with a new cast of characters and also is futile." DE 69 at 4. In reply, Plaintiff argues that certain claims (DE 65 ¶¶ 5-8, 10-13) are directly related, because they "occurred out of retaliation for filing this civil action." DE 77 at 1. The motion is DENIED for the following two reasons.

### A. Plaintiff Has Not Properly Sought Leave to Supplement.

I need not look to the content of the proposed supplemental claims to address Plaintiff's July 28, 2015 10-page filing titled, "Supplement Complaint," because the filing does not properly seek leave to supplement as contemplated by Fed. R. Civ. P. 15 and the Local Rules of this Court. As the Court noted in its March 20, 2015 order (DE 41) denying without prejudice Plaintiff's March 9, 2015 motion for leave to file a supplemental complaint (DE 37), if not amending as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

6), January and February 2015 (DE 65 ¶¶ 7-8), February 2015 through May 2015 (DE 65 ¶ 9), and July 2015 (¶ 4).

The same standard of review and rationale apply to a motion to supplement under Fed. R. Civ. P. 15(d) as to a motion to amend under Fed. R. Civ. P. 15(a). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002).  "The granting or denial of motions under Fed. R. Civ. P. 15(a) to amend pleadings after responsive pleading have been served and of motions under Fed.R.Civ.P. 15(d) to supplement pleadings is within the sound discretion of the trial court."  *McCormack v. Frank*, No. 93-5416, 1994 WL 419589, 5 (6th Cir. Aug. 10, 1994) (citing cases).

As such, the appropriate manner to seek leave to supplement is the filing of a motion to supplement.  *Menashe v. Bank of New York*, 850 F.Supp.2d 1120, 1144 (D. Haw. 2012) ("As discussed at the January 30, 2012 hearing, if Plaintiff wishes to seek leave to amend the SAC, she must file an appropriate motion pursuant to Rule 15.").  In the Eastern District of Michigan, "[u]nless the Court permits otherwise, each motion and response to a motion must be accompanied by a single brief. The brief may be separate from or may be contained within the motion or response. If contained within the motion or response, the brief must begin on a new page and must be clearly identified as the brief. A movant may also file a reply brief."  E.D. Mich. LR 7.1(d)(1)(A).

Here, although it cites Fed. R. Civ. P. 15(a), the rule governing *amended* pleadings, in the opening paragraph, Plaintiff's July 28, 2015 10-page filing does not contain a motion and brief, either separately or in combination, as required by

E.D. Mich. LR 7.1. (DE 65.) In fact, Plaintiff's filing is *a proposed supplemental complaint* (which seeks to add several LCF / JCF defendants based upon events taking place after the instant lawsuit was filed - but which does not have a caption compliant with Fed. R. Civ. P. 10(a)[3] and does not seek leave in the form of a motion) rather than *a motion to supplement* (which seeks leave and is, ideally, accompanied by a proposed supplemental pleading).[4] These observations remain true, even though Plaintiff acknowledges in his August 21, 2015 reply that "the timing of the request requires him to seek Leave To Amend . . . ." and alleges he "is unable to actual[ly] [reply] to [Defendant Rhodes's] response . . . ." DE 77 at 2.[5] Therefore, even though Plaintiff cites Fed. R. Civ. P. 15(a) at the introduction

---

[3] Fed. R. Civ. P. 10(a) provides: "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." The caption of Plaintiff's July 28, 2015 "Supplement Complaint" lists only "Dr. Karen Rhodes" and "Defendants, et al." DE 65 at 1.

[4] *See* E.D. Mich. LR 15.1 ("Form of a Motion to Amend and Its Supporting Documentation"); *see also, Robinson v. City of New York*, No. 06-7777, 2008 WL 756101, 6 n.6 (S.D.N.Y. Mar. 5, 2008) (report and recommendation of Dolinger, M.J.) ("Given plaintiff's *pro se* status and the nature of his allegations in the two pleadings, we interpret the 'Amended Complaint' liberally as in the nature of a supplemental pleading, adding some new allegations and claims, rather than as an amended pleading that entirely supercedes the plaintiff's original complaint.").

[5] Notably, Plaintiff's August 7, 2015 reply regarding his motion for injunctive relief (DE 63) contains a section titled, "Supplement Complaint." *See* DE 70 at 7-9. If Plaintiff intended this section to be his motion to supplement, it has been improperly placed. *See, i.e., Gantz v. Wayne County Sheriff's Office*, 513 F. App'x

of his "Supplement Complaint," he has neither properly sought leave to amend nor sought to supplement by way of filing a motion that complies with E.D. Mich. LR 7.1.

### B.      Supplementation Would Be Futile in This Instance.

Finally, even if the Court were to look at the content of Plaintiff's proposed supplemental complaint, parties are not entitled to join multiple defendants in a single suit when the claims are unrelated.  *See, e.g., Payne v. Corr. Corp. of America*, 194 F.3d 313, at *1 (6th Cir. Oct. 15, 1999) (concluding severance was proper where the claims did not arise from the same transactions or occurrences); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) (upholding the trial court's dismissal of "wholly unrelated claims" against misjoined parties).  The law is clear, under Fed. R. Civ. P. 21, which governs misjoinder and nonjoinder of parties, that unrelated claims by prisoners against different defendants belong in different lawsuits.  *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  As Rule 21 states, "On motion or on its own, the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party."  Furthermore, "Dismissal is appropriate where a plaintiff claims multiple constitutional violations by different defendants arising out of different transactions and occurrences.  *Pruden v. SCI Camp Hill,* 252 F. App'x 436, 437

478, 481 n.4 (6th Cir. 2013) ("Arguments first raised in a reply brief are not properly before this panel.").

(3d Cir. 2007) (per curiam).  Accordingly, the Court denies this request for leave to supplement for the additional reason stated in Defendants Rhodes's brief (DE 69 at 4); namely, that such a supplementation would be futile and would inevitably lead to either a severance or a dismissal of the newly proposed claims and parties.

IT IS SO ORDERED.

Dated: September 14, 2015        s/Anthony P. Patti_____
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record On September 14, 2015, electronically and/or by U.S. Mail.

                                 s/Michael Williams_____
                                 Case Manager for the
                                 Honorable Anthony P. Patti