UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD TOWNSEND,

      Plaintiff,

v.

                        Case No. 4:14-CV-10411
                        Judge Terrence G. Berg
                        Magistrate Judge Anthony P. Patti

KAREN RHODES,
VICKI CARLSON,
LINDA HAASE and
MARCIA O'CONNELL,

      Defendants.

_____/

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S JULY 21, 2015 AND JULY 28, 2015 MOTIONS FOR IMMEDIATE PRELIMINARY INJUNCTION AND RESTRAINING ORDER (DEs 57, 63)**

**I.    RECOMMENDATION**: The Court should deny Plaintiff's July 21, 2015 and July 28, 2015 motions for immediate preliminary injunction and restraining order (DEs 57, 63).

**II.    REPORT:**

    **A.    Background**

Plaintiff Richard Townsend is currently incarcerated at the Michigan Department of Correction's (MDOC's) Lakeland Correctional Facility (LCF). On January 27, 2014, while incarcerated at the G. Robert Cotton Correctional Facility

1

(JCF), Plaintiff filed the instant lawsuit against Defendants Rhodes, Carlson, Haase and O'Connell (hereinafter collectively referred to as the "JCF Defendants"), as well as Defendants John Does 1-4. DE 1 ¶¶ 25-28; *see also* DE 27.

On April 13, 2015, the John Doe Defendants were dismissed. DE 45. Thus, the only remaining defendants are Rhodes, Carlson, Haase and O'Connell, all of whom are alleged to have been employees or sub-contractors at JCF while Plaintiff was an inmate there. DE 1 ¶¶ 25, 28.[1]

### B. Instant Motions

Among the motions currently pending before this Court are two for injunctive relief. Specifically, on July 21, 2015 and July 28, 2015, Plaintiff filed markedly similar motions for immediate preliminary injunction and restraining order. (DEs 57, 63.) The differences appear to be **(a)** the latter motion does not include the exhibits attached to the initial motion[2] and **(b)** somewhat different

---

[1] On July 28, 2015, Plaintiff filed a "supplement complaint." . *See* DE 65, DE 69 (Response), DE 77 (Reply). On September 14, 2015, I entered an order which, in pertinent part, construed Plaintiff's supplemental complaint as a motion to supplement and denied such motion. DEs 65, 83.

[2] These Exhibits include information regarding hyperglycemia (DE 57 at 9-11); information regarding neuropathy (DE 57 at 13-15); MDOC PD 03.04.108 ("Prisoner Health Information") (DE 57 at 17-20); MDOC OP 03.04.108 ("Management and Control of Health Information and Related Forms") (DE 57 at 21-22); MDOC OP 03.04.100-E ("Prevention of Heat Related Illnesses in Prisoners") (DE 57 at 23-27); and MDOC OP 03.04.108 ("Consultants and Contractual Personnel Confidentiality Requirements") (DE 57 at 28).

prayers for relief (*compare* DE 57 at 4, DE 63 at 4).  Namely, the prayer for relief in the earlier filed motion additionally seeks permission to eat more than 15 minutes prior to taking insulin and an order preventing Plaintiff from being required to stand in extreme weather to obtain insulin.  DE 57 at 4 ¶¶ 4, 5.

I implemented an expedited briefing schedule.  DE 58.  The MDOC JCF Defendants filed a response on July 28, 2015.  DE 62.  Plaintiff filed a reply on August 7, 2015.  DE 70.[3]  On August 11, 2015, Plaintiff filed an affidavit, which was intended to be attached to his reply.  DE 72 at 1-7, 14.[4]  On September 7, 2015, Plaintiff filed a letter seeking the Court's intervention.  DE 82.

C. **Standard**

---

[3] Among the attachments to this filing is information about diabetic ketoacidosis. DE 70 at 14-17.

[4] Plaintiff's affidavit names apparent LCF employees (Warden Bonita Hoffner, Health Service Manager Betsy Spreeman, Captain Armstrong, Captain Dekeyser, Nurse Randy Lindstorm, Correctional Officer Lane, Nurse Krizian, Physicians Assistant Sperling, Correctional Officer Mosby, Correctional Officer Young, Correctional Officer Green, Nurse Peete, Correctional Officer Clayman, Nurse Reike, Grievance Corrdinator S. Cline and Deputy Warden Linda Beckwith), concerns the dates of July and August 2015, alleges his life had been placed in imminent danger by the denial of life-sustaining insulin, and requesting the Court's immediate intervention to save his life. DE 72 at 1-7. Additionally, Plaintiff's letter filed on September 11, 2015 names apparent LCF employees (Betsy Spreeman, Dr. David, Lt. Losinski, Unit Officer Ivancy), concerns the dates of July, August and September 2015, claims he is still denied insulin, alleges his life is in imminent danger and requests immediate intervention by the Court. DE 82 at 1-2. In addition, he attaches a certificate of service (DE 72 at 8), some July 2015 Health Care Request forms requesting that he be tested for ketones (DE 72 at 9-11) and August 2015 Prisoner Passes to health service (DE 72 at 12-13).

"'The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (quoting *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981)). The Court considers four (4) factors when deciding whether to issue a preliminary injunction:

>   (1)   whether the movant has a "strong" likelihood of success on the merits;
>
>   (2)   whether the movant would otherwise suffer irreparable injury;
>
>   (3)   whether issuance of a preliminary injunction would cause substantial harm to others; and
>
>   (4)   whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (quotations and citation omitted); *see also Newsom v. Norris*, 888 F.2d 371, 373 (6th Cir. 1989).[5] "These

---

[5] Or, as the Supreme Court has more prosaically stated it, "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008).

factors are to be balanced against one another and should not be considered prerequisites to the grant of a preliminary injunction." *Leary*, 228 F.3d at 736.[6]

A preliminary injunction "is an extraordinary remedy never awarded as of right." *Winter,* 555 U.S. at 24. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion . . . ." *Leary*, 228 F.3d at 739. "[T]he preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Id.* at 739 (quotations and citation omitted). "[T]he party seeking the injunction . . . bear[s] the burden of demonstrating the various factors justifying preliminary injunctive relief, such as the likelihood of irreparable injury to it if an injunction is denied and its likelihood of success on the merits." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 441 (1974).

Moreover, "[A] federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law." *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 313 (1982). "[T]he federal equity court in fashioning a remedy must afford relief which is 'no broader than necessary to remedy the

---

[6] *See also, Certified Restoration Dry-Cleaning Network, L.L.C.,* 511 F.3d at 542 (6th Cir. 2007) ("These four considerations are 'factors to be balanced, not prerequisites that must be met.'") (internal citations omitted).

5

constitutional violation'." *Kendrick v. Bland*, 740 F.2d 432, 437 (6th Cir. 1984) (quoting *Newman v. State of Alabama,* 683 F.2d 1312, 1319 (11th Cir.1982)).

### D. Discussion

#### 1. The instant motion concerns the administration of insulin at LCF.

Plaintiff is an insulin dependent diabetic. DE 57 at 2 ¶ 2, DE 63 at 2 ¶ 2. On December 18, 2014, while incarcerated at LCF, he completed an MDOC Health Care Request regarding standing outside in the cold during insulin line. He was advised to dress in layers to keep warm and to take his prescribed pain medication for his arthritis. DE 70 at 13.

More than six months later, on July 9, 2015, Captain Armstrong wrote to Walter Pickens regarding a change to the insulin lines. DE 57 at 7. As Health Unit Manager (HUM) Betsy Roberts-Spreeman, M.S.N., M.B.A., attests, on Monday, July 13, 2015, LCF changed its process of monitoring and delivering insulin. DE 62-2 at 2 ¶ 3. Instead of coming into the A-Building, Prisoners receive insulin through the medication windows by standing in line outside. DE 57 at 7, DE 62-2 at 2 at 2-3 ¶ 3, DE 62-2 at 4. Roberts-Spreeman explains this was done "due to the security concerns with general population entering housing unit A[.] [T]he area [was] also being utilized by general contractors[;] [therefore,] two prisoners were being seen at the same window . . . ." Roberts-Spreeman also attests that the change of location at which insulin is administered "does not compromise the

sanitation of the environment for the prisoner, nor does it compromise the privacy of the prisoner in any way." She explains that "[t]he distance between prisoners is actually greater now that the line has been moved to the outside." DE 62-2 at 2 ¶ 3. She further attests that, per the American Diabetes Association, "diabetics are to monitor their blood sugar counts, along with insulin administration, prior to them eating." Moreover, Roberts-Spreeman attests that "Plaintiff has not been denied his insulin or other medical care." DE 62-2 at 3 ¶ 4.

In his July 21 and July 28 motions, Plaintiff claims he has not taken insulin since July 12, 2015. DE 57 at 3 ¶ 5, DE 63 at 3 ¶ 5. Then, in his August 7, 2015 reply, Plaintiff states he has been without insulin for approximately 24 days. DE 70 at 4. Plaintiff specifically requests that the Court (1) require MDOC staff / LCF medical staff to allow Plaintiff "to take insulin in health service, in [a] sanitary area, where his privacy and confidentiality [are] maintained[;]" (2) prohibit MDOC staff / LCF staff from retaliating against him for filing this lawsuit; (3) permit Plaintiff to eat more than 15 minutes prior to taking insulin; and (4) bar Plaintiff from being made to stand in extreme heat or weather, including rain, to obtain insulin. DE 57 at 4, DE 63 at 4. In addition, he requests that he will not have to wait outside 20 minutes or more in severe weather to receive insulin or medication and that he will be fed within 15 minutes after taking insulin. DE 70 at 9-10 ¶¶ 5, 4.

### 2. Plaintiff's motions should be denied, because he seeks injunctive relief from non-parties.

As noted above, the Defendants in this case are MDOC employee Vicki Carlson, a Registered Nurse at JCF; MDOC employee Linda Haase, a Registered Nurse at JCF; MDOC employee Marcia O'Connell, a Registered Nurse at JCF; and apparent contract employee Karen Rhodes, a Doctor of Osteopathy who provided treatment to inmates at JCF.  DE 28-2 ¶ 1, DE 28-3 ¶ 1, DE 28-4 ¶ 1 & DE 59-2 at 2 ¶¶ 2-3.  However, Plaintiff's two instant motions specifically name *LCF Warden* Bonita Hoffner and *LCF Health Unit Manager* Betsy Roberts-Spreeman, M.S.N./M.B.A.  *See* DE 57 at 1-2, DE 63 at 1-2.  Likewise, his post-briefing affidavit takes aim at a host of *LCF employees*, regarding events which allegedly occurred *at LCF* in July and August of *2015*, patently unrelated to his incarceration at JCF.  DE 72 at 1-7.  Moreover, Plaintiff's prayers for relief are phrased to "MDOC Staff" or some form of "LCF Staff."  *See* DE 57 at 4, DE 63 at 4.  <u>None of the people or entities against whom he seeks injunctive relief are parties to this case</u>.

Thus, to the extent the instant motions seek relief from Hoffner, Roberts-Spreeman and/or the MDOC, the motions do so from non-parties.  Unrelated claims by prisoners against different defendants belong in different lawsuits.  *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  And, even if the Court were to assume that the claims in Plaintiff's original complaint were similar to those in

8

the instant motion, the Court does not have jurisdiction to enjoin the actions of a non-defendant. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process. The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant.") (internal citation omitted). The case at bar is simply the wrong vehicle, brought against the wrong parties, for the relief sought by Plaintiff in the instant motions.

### 3. Even if Plaintiff were seeking relief from the MDOC as his custodian, he has not shown a likelihood of success on the merits of his underlying claims.

Even assuming *arguendo* that this Court had jurisdiction over the MDOC in this case, Plaintiff has not shown a likelihood of success on the merits of his underlying claims against any of the named parties in this case, namely, *the JCF Defendants*. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. Of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). Here, even though briefing regarding Defendant Rhodes's motion for summary judgment (DE 59) is ongoing, my June 9, 2015 report (DE 53) recommending that the Court grant the MDOC JCF Defendants' motion for summary judgment (DE 28) is pending before

the Court. Thus, if the Court agrees with my prior recommendation, the three (3) MDOC JCF Defendants will be dismissed. In other words, I have already found that Plaintiff is *not likely* to be successful on his claims against the MDOC JCF Defendants. And, although the briefing regarding contract JCF Defendant Rhodes's dispositive motion (DE 59) is ongoing, Plaintiff's July 21 and July 28 motions for injunctive relief do not argue a likelihood he will succeed on his claims against contract JCF Defendant Rhodes. *See* DEs 57, 63.

Moreover, even if there were a strong likelihood of success on the merits as to Plaintiff's claims against any of the four (4) JCF Defendants related to the events of January 2011 through January 2014 during Plaintiff's incarceration at JCF (*see* DE 1 ¶¶ 3-22), the issuance of an injunction now as to the manner in which Plaintiff presently *receives insulin at LCF* would not "preserve the relative positions of the parties" as to the actual claims contained in the operative pleadings. *Certified Restoration Dry Cleaning Network, L.L.C.*, 511 F.3d at 542.[7]

---

[7] A quick note about the factor of irreparable injury is useful here. Plaintiff's request for injunctive relief proffers several forms of harm which allegedly result from the change in insulin administration at LCF. "The district court should grant an injunction only where the dilemma is ripe for judicial resolution, and a matter is considered premature for judicial review when the alleged injury is speculative or may never occur." *Sharpe v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003) (quotation and citation omitted). Keeping this in mind, and even if the Court were to overlook the threshold issue that Plaintiff seeks this relief against non-parties, the factor of whether Plaintiff would otherwise suffer irreparable injury if the Court did not grant the requested injunctive relief as to his receipt of insulin does not weigh in Plaintiff's favor. Plaintiff has not shown that he will suffer irreparable

### 4. Conclusion

The Court should deny Plaintiff's motions for immediate preliminary injunction and restraining order, because Plaintiff seeks such relief from non-parties. Moreover, Plaintiff has not shown his entitlement to the relief requested.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this

---

injury in the absence of injunctive relief. As Roberts-Spreeman attests, "Plaintiff has not been denied his insulin or other medical care." DE 62-2 ¶ 4. Here, Plaintiff is not being denied his insulin. He is *denying himself* the opportunity offered at LCF to receive the insulin, because he is *dissatisfied with the manner* in which it is being administered. Recourse for an alleged unauthorized disclosure of protected medical information or for an allegedly unsanitary medical administration site may be achieved through a lawsuit based upon the statutory or constitutional right which Plaintiff alleges is violated by LCF's new insulin procedure. Moreover, although Plaintiff gives specific examples of the types of harassment and threats he will face if his status as a diabetic is disclosed, *see* DE 70 at 2-3, these examples are speculative. In light of the fact that the injunctive relief is sought against non-parties, the unlikelihood of success on the merits and the lack of irreparable harm, analysis of the two remaining injunction factors is unnecessary.

Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: September 16, 2015    s/Anthony P. Patti
    Anthony P. Patti
    UNITED STATES MAGISTRATE JUDGE

I certify that a copy of this document was sent to parties of record on Tuesday, September 15, 2015, electronically and/or by U.S. Mail.

    s/Michael L. Williams
    Case Manager to the
    Honorable Anthony P. Patti