UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD TOWNSEND,

    Plaintiff,

v.

    Case No. 4:14-CV-10411
    Judge Terrence G. Berg
    Magistrate Judge Anthony P. Patti

KAREN RHODES, *et al.*,

    Defendants.

_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S OCTOBER 21, 2015 MOTIONS FOR DISCOVERY (DE 90) and FOR INTERROGATION OF DEFENDANT KAREN RHODES (DE 91)**

Plaintiff filed this lawsuit on January 27, 2014. (DE 1.) Following the Court's April 13, 2015 and September 28, 2015 orders, the only remaining defendant is Karen Rhodes. (DEs 45, 85.) Defendant Rhodes's July 28, 2015 motion for summary judgment is among those motions pending before the Court. (DE 59.). Pursuant to this Court's October 14, 2015 order, Plaintiff's response to Defendant Rhodes's motion for summary judgment is due on or before November 16, 2015. (DE 88.)

Currently before the Court are Plaintiff's October 21, 2015 motions for discovery (DE 90) and for interrogation of Defendant Karen Rhodes (DE 91). In

essence, these motions present seven (7) requests for production of documents and thirty-five (35) interrogatories. These motions, as presented, are improper. First, it appears that Plaintiff simply sent his discovery requests to this Court, rather than serve them upon the appropriate party in accordance with Fed. Rules Civ. P. 33 ("Interrogatories to Parties") or 34 ("Producing Documents, Electronically Stored Information, and Tangible Things, or Entering Onto Land, for Inspection and Other Purposes"). Second, this does not appear to satisfy a limited instance in which discovery material may be filed with the Court. *See* Fed. R. Civ. P. 5(d)(1), E.D. Mich. LR 26.2 ("Filing Discovery Material").

Perhaps some discovery guidance to Plaintiff, who is proceeding *pro se*, is in order. Should answers, responses and/or objections to properly served interrogatories and requests for production of documents fail to comply with the Fed. Rules of Civ. P. 33 and 34, Plaintiff may file a motion for an order compelling disclosure or discovery in accordance with Fed. R. Civ. P. 37(a), which should include a certification that the parties have conferred regarding the relief sought. *See also* E.D. Mich. LR 7.1(a) ("Seeking Concurrence in Motions and Requests."), E.D. Mich. LR 37.1 ("Motion to Compel Discovery"). Moreover, the Local Rules of this Court provide guidance as to the preferred form of a discovery motion. *See* E.D. Mich. LR 37.2 ("Form of Discovery Motions") ("Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in

an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.").

Accordingly, Plaintiff's October 21, 2015 motions for discovery (DE 90) and for interrogation of Defendant Karen Rhodes (DE 91) are DENIED WITHOUT PREJUDICE to renewal once his requests have been properly served and the time for answering, responding or objecting has expired. Plaintiff's August 13, 2015 motion to compel (DE 73) and October 21, 2015 motion for judgment (DE 89) will be addressed under separate cover.

IT IS SO ORDERED.


Dated: November 9, 2015        s/ Anthony P. Patti
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on November 9, 2015, electronically and/or by U.S. Mail.

                               s/Michael Williams
                               Case Manager for the
                               Honorable Anthony P. Patti