UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD TOWNSEND,

       Plaintiff,

v.

       Case No.  4:14-CV-10411
       Judge Terrence G. Berg
       Magistrate Judge Anthony P. Patti

KAREN RHODES,
VICKI CARLSON,
LINDA HAASE and
MARCIA O'CONNELL,

       Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S AUGUST 13, 2015 MOTION TO COMPEL DISCOVERY (DE 73)

**I.**   **OPINION**

    **A.**   **Introduction**

On January 27, 2014, while incarcerated at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan, Plaintiff filed the instant lawsuit against several defendants, wherein he explains he is a type 2 insulin dependent diabetic.  (DE 1 ¶ 2.)  Plaintiff later clarified that he is a type 1 insulin dependent diabetic.  (DE 42.)  In sum, Plaintiff's complaint alleges deliberate indifference to a serious medical need in violation of the Eighth Amendment based in large part

on his prescriptions for insulin, which have allegedly varied between Humilin Insulins (70/30, R and N/NPH) and Novolin Insulins (N and R). (*See* DE 1 at ¶¶ 3-22, 29.)

At this point, the only remaining defendant is Defendant Rhodes. (*See* DE 45, DE 85.) Currently pending in this case is Defendant Rhodes's motion for summary judgment, which is accompanied by portions of Plaintiff's medical records and regarding which a response and reply have been filed. (DEs 59, 61, 98, 99.) Also pending before the Court is Plaintiff's August 13, 2015 motion to compel discovery, regarding which a response and reply have been filed. (DEs 73, 78, 81.) Plaintiff's discovery motion seeks to "inspect, examine, copy his medical, dental and optometry records which are in the custody, possession or control of Health Service Manager, Betsy Spreeman at Lakeland Correctional Facility (LCF) . . . ." (DE 73 at 1; *see also* DE 73 at 2.)

**B. Plaintiff's efforts to obtain his medical records**

Plaintiff's motion practice has been prolific, among which have been seven motions related to discovery. (DEs 13, 14, 46, 73, 89, 90, 91.)[1] The Court has

---

[1] Plaintiff has filed thirteen (13) other motions, including five motions for extension (DEs 6, 30, 75, 86, 87), one motion for reconsideration (DE 12), two motions to appoint counsel (DEs 15, 74), one motion for leave to file a supplemental complaint (DE 37), one motion for leave to correct a mistake in his complaint (DE 42), one motion to dismiss his complaint as to certain defendants (DE 44) and two motions for injunctive relief (DEs 57, 63).

ruled upon all but one of these discovery motions, and, in some cases, has commented upon Plaintiff's efforts to obtain his medical records. For example:

- On February 13, 2015, I entered an order (DE 34) granting in part Plaintiff's first motion to compel (DE 13) and denying without prejudice Plaintiff's second motion to compel (DE 14). This order acknowledged the March 10, 2014 response from the Jackson Health Care Health Information Manager to Plaintiff's kite for his medical records. (DE 34 at 3, DE 13 at 4.)

- On April 20, 2015, I entered an order (DE 47) granting Plaintiff's April 13, 2015 motion for subpoena (DE 46), which sought examination and inspection of his medical records. By my order, the Clerk was directed to issue the subpoena and send it to Plaintiff, who was to complete the form and ensure proper service. (DE 47 at 5.)

- On November 9, 2015, I entered an order (DE 94) denying without prejudice plaintiff's October 21, 2015 motions for discovery (DE 90) and for interrogation of Defendant Karen Rhodes (DE 91).

- On February 4, 2016, I entered an order (DE 105) denying Plaintiff's October 21, 2015 motion for judgment (DE 89).[2] This order cites my October 14, 2014 order's reference to the more than 800 pages of medical records and Rule 56(d). (DE 105, DE 88; *see also* DE 61.)

In addition, Plaintiff's medical records were the subject of Plaintiff's May 26, 2015 response to the MDOC Defendants' (Carlson, Haase and O'Connell) May 7, 2015 motion to stay discovery. (DEs 48, 50.) My May 29, 2015 order denied in part the MDOC Defendants' motion to stay discovery, noting in part: "Plaintiff indicates a

---

[2] This motion was originally terminated on November 12, 2015. (DE 95.) However, it was stricken as improvidently granted on February 4, 2016. (DE 105.)

need to continue limited discovery with respect to his medical records and the very log books upon which Defendants rely in support of their argument that they had no involvement in the treatment of this particular prisoner." (DE 51 at 3.)[3]

### C.   Plaintiff's pending motion to compel discovery

In his pending August 13, 2015 motion to compel discovery, which he filed pursuant to Fed. Rules Civ. P. 34(b) and 37(a), Plaintiff claims to have twice subpoenaed someone in LCF health services to inspect, examine and copy his entire medical record, to no avail. (DE 73 at 1-2.) At the time he filed this motion, Plaintiff was incarcerated at LCF. (*See* DE 73 at 2.) Plaintiff has since been transferred to the Gus Harrison Correctional Facility (ARF); therefore, at this point, the Court assumes this motion is directed toward the records custodian at ARF, Plaintiff's current place of incarceration.

MDOC Defendants Carlson, Haase and O'Connell, who have since been dismissed from this case, filed a response on August 24, 2015. (DE 78.) While they do not oppose Plaintiff obtaining his own medical records, they do "oppose having to pay for the copies or to allow Plaintiff to inspect the original records." (DE 78 at 2.)

---

[3] The MDOC Defendants objected to my order, and Plaintiff responded to those objections. (DEs 52, 54.)

4

Plaintiff filed a reply on September 11, 2015, wherein he takes issue with LCF Health Service Manager Betsy Spreeman and/or LCF Health Information Manager Connie Lester's alleged failure to comply with the subpoenas. (DE 81.)[4]

**D.    Analysis**

Upon consideration, Plaintiff's August 13, 2015 motion to compel discovery is denied. (DE 73.) First, it appears to the Court that Plaintiff is finally in possession of at least some of his medical records. True, his instant motion to compel was filed two weeks after Defendant Rhodes filed Plaintiff's select medical records (DE 60) under seal in conjunction with her July 28, 2015 motion for summary judgment (DE 59); however, the rules require parties to provide copies of matters they file with the Court to opposing parties or their counsel. Thus, the Court presumes Defendant Rhodes served a copy of the more than 800 pages of select medical records upon Plaintiff when she filed her dispositive motion.

Moreover, Plaintiff has since filed a response (DE 98) to Defendant Rhodes's dispositive motion (DE 73).[5] Plaintiff's November 23, 2015 three page

---

[4] After Plaintiff filed his reply, I entered a show cause order. (DE 96.) Non-parties Roberts-Spreeman and Lester filed a response on November 24, 2015, in which they allege, under oath, that neither was served with either subpoena. (DE 97 at 2, 97-2 ¶ 3, 97-3 ¶ 3.) On January 19, 2016, I entered an order discharging non-parties Roberts-Spreeman and Lester's obligations under the Court's show cause order. (*See* DE 100.)

[5] Plaintiff's November 23, 2015 response consists of a 3 page motion, which is not signed under penalty of perjury (DE 98 at 1-3), and a 22 page affidavit, which is

response and twenty-two page affidavit contain numerous citations to medical records. (*See* DE 98 at 1-3, 4-25.) While Defendant Rhodes's references to the medical record (Exhibit B) differ from Plaintiff's references to the medical record (*i.e.*, Exhibits 1-19), the particularity with which Plaintiff cites to the medical record is consistent with possession of or access to the material to which he refers. (*Compare* DE 59, DE 61, DE 98.)

    Second, given Plaintiff's above-described attempts to inspect, examine and copy his medical records, and given that Defendant Rhodes's Fed. R. Civ. P. 56 motion for summary judgment remains pending, I observe that Plaintiff's instant motion to compel and his related reply do not constitute proper assertions by Plaintiff that the facts he needs to adequately respond are presently unavailable to him. To be sure, Plaintiff asserted on October 21, 2015 that he needed to inspect, examine and copy his medical records to respond to Defendant Rhodes's July 28, 2015 motion for summary judgment. (*See*, *i.e.*, DE 89 at 2 ¶ 2.) However, neither Plaintiff's instant August 13, 2015 motion (DE 73) nor his related September 11,

---

signed under penalty of perjury (DE 98 at 4-25). The affidavit describes the events of 2009 – January 27, 2014 (DE 98 at 4 ¶ 3 – DE 98 at 12 ¶ 32), then proceeds to respond to various paragraphs of Rhodes's July 14, 2015 affidavit (DE 59-2, DE 98 at 12 ¶ 33 – DE 98 at 25 ¶ 58) and concludes by explaining what has happened since he stopped taking Humulin insulin, noting that he is taking Novolin insulin as prescribed, and describing his damages from lack of insulin (*see* DE 98 at 25 ¶¶ 59-60). Therefore, it is not interpreted as asserting under Fed. R. Civ. P. 56(d) that he is without the information he needs to respond to Defendant Rhodes's summary judgment motion (DE 59).

2015 reply (DE 81) constitutes a showing "by affidavit or declaration that, for specified reasons, [Plaintiff] cannot present facts essential to justify [his] opposition . . . ." Fed. R. Civ. P. 56(d). The motion generally alleges that Spreeman's failure to comply with the subpoena has denied him access to this Court and also alleges that this Court "should not grant summary judgment against a party who has not had an opportunity to pursue discovery or whose discovery request has not been answered." (DE 73 at 2). The reply, while signed under penalty of perjury, does not specify why, in the absence of medical records, Plaintiff cannot present facts essential to justify his opposition to Defendant Rhodes's motion for summary judgment (*see* DE 81 at 1-2).[6] In other words, Plaintiff's motion and related reply do not convince this Court that it should put the disposition of Dr. Rhodes's pending dispositive motion on hold, and his response to the summary judgment motion convinces the Court that he has obtained the records he sought and has the information necessary to respond.

## II. ORDER

Accordingly, Plaintiff's August 13, 2015 motion to compel discovery (DE 73) is **DENIED**. Defendant Rhodes's July 28, 2015 motion for summary judgment (DE 59) will be addressed under separate cover.

---

[6] Based upon the above ruling, this order omits discussion of the copying cost issue raised in the August 24, 2015 response filed by the now-dismissed MDOC Defendants. (S*ee* DE 78 at 2.)

IT IS SO ORDERED.


Dated: February 4, 2016         s/Anthony P. Patti
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on February 4, 2016, electronically and/or by U.S. Mail.

                                s/Michael Williams
                                Case Manager for the
                                Honorable Anthony P. Patti